IN THE MATTER OF THE PETITION OF JOSIAH R. DORR, GUARDIAN OF GEORGE J. DORR, A MINOR.

A petition under the "Act to authorize the conveyance of real estate of minors in certain cases," approved February 28th, 1840, should set forth fully all the facts and circumstances rendering a sale, or other disposition of the minor's property, necessary; that the Court may judge of the necessity and fitness of the measure.

A guardian should not make an absolute sale of the real estate of his ward, and then apply to the Court to authorize him to do what he has already bound himself to do; and the Court will not ratify such agreements. The proper course is to obtain leave of the Court in the first instance.

PETITION under the act entitled "An act to authorize the conveyance of real estate of minors in certain cases," approved February 28th, 1840.

The petition stated that Melvin Dorr died in 1838, leaving a widow, Marion Dorr, and two children, Mary L. Dorr, by the said Marion, and George J. Dorr, by a former wife, ward of the petitioner; and that, afterwards, the said Mary L. Dorr departed this life. That, after the decease of the said Mary L., the widow married Samuel B. Scott, and set up a claim to a distributive share in the supposed estate of the said Mary L., and also her claim to dower in the estate of Melvin Dorr, she having rejected the provision made for her by the will of the said Melvin Dorr. That, after consulting and advising with the executor, and with counsel, as to the course to be pursued to protect the rights and interest of his ward, petitioner, September 8th, 1840, entered into an agreement with the said Samuel B. Scott, and Marion his wife, that the said George J. Dorr should, on coming of age, or when authorized by a special act of the legislature, convey to said Marion certain real estate described in the agreement; a copy of

which was annexed to the petition, and made a part of it. And that, in consideration thereof, the said Samuel B. and Marion, had released all her right of dower in the estate of said Melvin Dorr, and all claim upon any supposed estate of the said Mary L. The petition further stated that the said George J. Dorr was of the age of eighteen years; and that the said Samuel B. and Marion were anxious to obtain a legal title to the land agreed to be conveyed to them by petitioner, and that the arrangement was a favorable one for the ward, and would, when completed, release the estate from embarrassment.

There was attached to the petition a copy of an indenture, bearing date September 8th, 1840, between the guardian of the one part, and the said Samuel B. and Marion of the other, by which the guardian granted, bargained, and sold, some six hundred acres of land to the said Marion, and covenanted that his ward should convey, as stated in the petition; and the said Samuel B. and Marion, in consideration thereof, granted, bargained, and conveyed to the ward, all the right, title, interest, dower, claim and demand of the said Marion, in and to the estate, real and personal, of the said Melvin Dorr, deceased, either in her own right of dower, or as heir, and in right, of her late child, Mary L. Dorr, deceased, one of the heirs at law of the said Melvin Dorr, deceased.

*Joy & Porter*, for petitioner.

THE CHANCELLOR. The second section of the act, under which the petition is presented, is in these words: "Whenever it shall appear satisfactory to the Court of Chancery, that a disposition of any part of the real estate of an infant, or of his interest in any term for years, is necessary and proper, either for the support and maintenance of such infant, or for his education, or that the in-

terest of said infant requires, or will be substantially promoted by such disposition, on account of any part of his said property being exposed to waste and dilapidation, or on account of its being wholly unproductive, or for any other peculiar reasons or circumstances, the Court may order the letting for a term of years, or decree the sale, conveyance, or other disposition of such real estate or interest, to be made by the infant, or the guardian or guardians appointed by said Court for such infant, in such manner, and with such restrictions as shall be deemed expedient." *Laws* 1840, *p.* 26.

The language of the statute is very broad, particularly that part of it which says, "or for any other peculiar reasons or circumstances." It is none too broad, however, so long as the power of the Court is used with proper discretion. Other cases than those particularly named might occur, in which it would, clearly, be for the interest of the minor to part with a portion of his estate. Where his title is doubtful, a compromise might, under certain circumstances, be more for his interest than to run the hazard of litigation, with the expense attending it. Something of this kind seems to have been the object of the petitioner, in making the agreement with Mr. and Mrs. Scott. But, before the Court will authorize a sale, or other disposition, to be made of a minor's estate, it must be satisfied, from the facts before it, of the necessity and propriety of the measure. It must see that the interest of the minor requires it; and all the facts and circumstances, rendering it necessary, should be fully stated in the petition. In this the petition is clearly defective. It does not show of what estate Melvin Dorr died seized, or what disposition was made of it by his will, or what interest his infant daughter took under the will. Nor does it state on what grounds the widow, after the death of her daughter, Mary L. Dorr,

claimed her portion under the will. The Court cannot judge of the benefits that would be likely to result to the minor from the agreement, or the necessity there was for making it, until it is put in possession of these facts.

There is another objection to granting the prayer of the petitioner. It is this: He, in effect, asks the Court to ratify an agreement entered into by him two years and a half ago. He does not ask for an order authorizing him to sell his ward's estate, or to transfer a part of it to perfect an undisputed title to the balance; but that the Court will enable him to perform his agreement with Mr. and Mrs. Scott, made in September, 1840. He should have sought the aid of the Court before he concluded the agreement. The precedent would be a bad one. Should it be once established, it is to be feared that guardians might be induced by it to make improvident sales of the real estate of their wards, with the expectation that their acts would be confirmed by this Court. Besides, a guardian thus situated would not stand in the most favorable position to represent the interest of the minor; he might be prompted more by his own interest, than a desire to benefit his ward.

Prayer of petition denied.